UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICHARD DIXON,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 13-6189** |
| **COCA-COLA REFRESHMENTS, USA,<br>INC, et al.,**<br>    **Defendants** | **SECTION "E"** |

### ORDER AND REASONS

Before the Court is a Motion to Remand filed by plaintiff Richard Dixon ("Plaintiff").[1] Defendants, Coca-Cola Refreshments, USA, Inc. ("Coca-Cola USA"), Louisiana Coca-Cola Bottling Company, LLC ("Louisiana Coca-Cola"), and National Union Fire Insurance Company of Pittsburgh, PA ("National Union") (collectively, "Defendants") oppose Plaintiff's motion.[2] Plaintiff filed a reply[3] and Defendants filed a surreply[4] in support of their arguments.

### BACKGROUND

Plaintiff allegedly suffered injuries from colliding with a fallen drive shaft while operating his motorcycle. Plaintiff filed suit in state court against Defendants and Sedrick Edwin Prier ("Prier"). Plaintiff alleges Prier, an employee of Coca-Cola USA and Louisiana Coca-Cola, was operating a 2004 Freightliner 54500 towing a 1997 Mick trailer owned by Coca-Cola USA and Louisiana Coca-Cola when "the drive shaft separated and fell from the

---

[1] R. Doc. 12.

[2] R. Doc. 16.

[3] R. Doc. 20.

[4] R. Doc. 24.

1

vehicle/trailer" causing Plaintiff to collide with the fallen drive shaft.[5] Specifically, as it relates to this motion, Plaintiff alleges Prier (1) failed to "inspect and/or properly maintain the 2004 Freightliner 54500 and the 1997 Mick trailer"; (2) failed to "maintain reasonable and proper control of the vehicle under his control upon a public road"; and (3) failed to "note problems with the drive shaft and failed to take corrective measures."[6] Plaintiff also claims Prier is liable based on his custodianship of the vehicle under Louisiana Civil Code article 2317.1.[7]

Defendants timely filed a notice of removal arguing this Court has subject matter jurisdiction based on diversity subject matter jurisdiction under 28 U.S.C. § 1332. Defendants state there is complete diversity of citizenship because Plaintiff is a citizen of Louisiana and no other defendant shares Louisiana citizenship with Plaintiff.[8] Defendants argue the citizenship of Prier, who is a citizen of Louisiana, should be ignored because he was improperly joined as a defendant in this action. Defendants state the amount in controversy exceeds $75,000.

In the notice of removal, Defendants assert Plaintiff's petition alleges a cause of

---

[5] R. Doc. 1-1. State court petition.

[6] R. Doc. 1-1. State court petition.

[7] R. Doc. 1-1. State court petition.

[8] The citizenship of a corporation is determined by the state of its incorporation and its principal place of business. *See* 28 U.S.C. § 1332(c)(1). In the notice of removal, Defendants state Coca-Cola USA is incorporated in Delaware with its principal place of business in Georgia. Defendants also state National Union is incorporated in Pennsylvania with its principal place of business in New York. (Doc. 1). Because Louisiana Coca-Cola is an LLC, Defendants did not properly establish its citizenship under standard used for LLCs in the notice of removal. Citizenship of a limited liability company is determined by citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077 (5th Cir. 2008). The Court ordered Defendants to file an amended notice of removal to set properly forth the identity and citizenship of each member of Louisiana Coca-Cola. (Doc. 6). Defendants complied with the Court's orders and alleged the sole member of Louisiana Coca-Cola is Coca-Cola USA, thereby making Louisiana Coca-Cola also a citizen of Delaware and Georgia. (Doc. 12).

2

action against Prier based solely on Louisiana Civil Code Article 2317.1, which imposes liability when "[t]he owner or custodian of a thing is answerable for damages occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care." La. Civ. Code art. 2317.1.[9] Defendants argue there is not a reasonable basis for Plaintiff to recover against Prier based on article 2317.1 because Prier was not the owner or the custodian of the vehicle involved in the collision. Defendants cite authority for the proposition that an employer retains custody over a vehicle, even if the employee is using it, unless the employer specifically delegates a duty to the employee to maintain the vehicle. *See King v. Louviere*, 543 So.2d 1327 (La. 1989). Thus, Defendants believe only Coca-Cola USA and Louisiana Coca-Cola, as Prier's employers, can be liable under article 2317.1. Defendants also attached declarations from Prier and his employer, asserting Prier did not maintain the vehicle and his employer did not delegate any duty to Mr. Prier to maintain the vehicle.[10] Furthermore, Defendants assert the other allegations made against Prier are based on nothing more than conclusory allegations which are insufficient to create a reasonable basis for recovery against Defendants.[11]

      Plaintiff moved to remand the case to state court, arguing the citizenship of Prier should not be ignored because he was properly joined in this matter and his presence destroys complete diversity. Plaintiff asserts his state court petition, setting forth claims

---

[9] R. Doc. 1, p. 5.

[10] R. Doc. 16-1, R. Doc. 16-2.

[11] R. Doc. 16, pp. 3-4.

against Prier for negligently operating the vehicle, failing to inspect and/or maintain the vehicle, and failing to note problems with the drive shaft, is sufficient to provide a reasonable basis for relief.[12] Alternatively, Plaintiff argues even if his only theory of recovery were based on Prier's custody of the vehicle under Civil Code article 2317.1, it is possible that both Prier and his employer could have concurrent custody over the vehicle, and thus his claim under article 2317.1 also provides a reasonable basis for relief against Prier. Plaintiff also asks the Court to award costs, expenses, and attorneys' fees associated with his motion to remand under 28 U.S.C. § 1447(c).

## LAW AND ANALYSIS

### A. Removal and Remand Generally

Generally, a defendant may remove a civil action from state court to federal court if the federal court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The plaintiff, however, can then make a motion to remand the case back to state court if he believes the case should not have been removed, and remand is proper if at any time the Court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1441(a). Removal statutes must be strictly construed, and any ambiguities of fact and law should be resolved in favor of a party seeking remand. *See, e.g. Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removing party bears the burden of showing that federal jurisdiction exists*, see e.g. Allen v. R&H Oil and Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995), and for purposes of this question, the Court is only concerned with whether jurisdiction existed at the time of removal. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). A federal district court has jurisdiction over lawsuits between citizens of

---

[12]R. Doc. 12, p. 5.

different states in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. If either of these requirements - the complete diversity requirement or the jurisdictional minimum requirement - is not met, the Court lacks subject matter jurisdiction and remand is proper. The requirement that the parties in the lawsuit be citizens of different states - the "complete diversity" requirement - means that in a case in which a district court's jurisdiction is based solely on the diversity of the parties, no plaintiff may be a citizen of the same state as any defendant. *Lincoln Property Co. v. Roche,* 546 U.S. 81, 89 (2005).

**B. Improper Joinder**

In the removal context there exists a narrow exception to the complete diversity requirement. If a plaintiff names a non-diverse defendant (i.e. a citizen of the same state as the plaintiff), a truly diverse defendant still may validly remove the case to federal court if it can demonstrate that the non-diverse defendant was improperly joined. *See Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). To establish improper joinder, the removing party must demonstrate either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *McDonald v. Abbott Laboratories* 408 F.3d 177, 183 (5th Cir. 2005); *citing Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). The removing party's burden of proving improper joinder is "heavy." *McDonald*, 408 F.3d at 183.

Neither party contends there was any actual fraud in Plaintiff's joinder of Prier as a defendant, so the Court will focus on the question of whether Plaintiff has an arguably reasonable basis for recovery against Prier under state law. To determine this issue, the Court must decide whether "there is an arguably reasonable basis for predicting that state law might impose liability." *Ross v. Citifinancial, Inc.* 344 F.3d 458, 461 (5th Cir. 2003).

5

"This means that there must be a *reasonable* possibility of recovery, not merely a *theoretical* one." *Id.* (emphasis in original). While the standard for evaluating a claim of improper joinder is similar to the standard used when evaluating a Rule 12(b)(6) motion for failure to state a claim, the scope of the Court's inquiry is broader than it would be with a Rule 12(b)(6) motion; while the Court will not "pre-try" the case, the Court may, in its discretion, "pierce the pleadings" under certain circumstances and consider summary judgment type evidence to determine whether the plaintiff's claim has a factual basis (ie. depositions, affidavits, etc). *Id.* at 462-63. The Court's exercise of such discretion is proper when "the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder." *Smallwood v. Central R.R. Co.* 385 F.3d 568, 573 (5th Cir. 2004). This summary inquiry is "appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery" against the non-diverse defendant. *Id.* at 573-74. "[T]he inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.* at 574. The Court must consider any unchallenged factual allegations, including those from the initial complaint, in the light most favorable to the plaintiff, and resolve any state law ambiguities in favor of the plaintiff. *Ross*, 344 F.3d at 462-63.

**C. Application**

Based on the allegations contained in Plaintiff's petition, there is a reasonable basis on which Plaintiff may recover against Prier under the law of Louisiana. Accordingly, Prier's presence as a defendant destroys complete diversity and this case must be remanded. The allegations against Prier in Plaintiff's state court petition fall into two categories. First, Plaintiff alleges Prier is liable based on his own fault for: (1) "failing to inspect and/or

properly maintain" the vehicle; (2) "failing to maintain reasonable and proper control" of the vehicle; and (3) "failing to note problems with the drive shaft and failing to take corrective measures."[13] Second, Plaintiff alleges Prier (along with Coca-Cola USA and Louisiana Coca-Cola) is liable based on his custodianship of the vehicle involved in the accident under article 2317.1.

Although Defendants primarily take issue with Plaintiff's claim under article 2317.1, the Court finds that at minimum, there is a reasonable basis for Plaintiff to recover under the first set of allegations based on Prier's alleged fault.[14] Under Civil Code article 2315, "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened it repair it." La. Civ. Code art. 2315. Plaintiff's state court petition adequately alleges sufficient facts to provide a reasonable basis for the Plaintiff to recover against Prier for (1) failing to inspect and/or maintain the vehicle, (2) failing to maintain control of the vehicle, and (3) failing to note any problems with the drive shaft and failing to take corrective measures.

Defendants argue these claims are based on "nothing more than conclusory allegations" and therefore do not provide a reasonable basis for recovery.[15] Defendants cite authority demonstrating that a plaintiff has no reasonable basis for recovery against a non-diverse defendant when a plaintiff fails to make specific factual allegations against that defendant. *See, e.g., Griggs v. State Farm Lloyds*, 181 F.2d 694 (5th Cir. 1999). In *Griggs*,

---

[13] R. Doc. 1-1, p. 7.

[14] Accordingly, the Court need not address whether or not there is a reasonable basis for Plaintiff to recover under article 2317.1 based on Prier's alleged custody of the vehicle.

[15] R. Doc. 16, p. 3.

for example, the plaintiff merely named the non-diverse defendant and included generalized allegations against all defendants that were "in no way attributable to [the non-diverse defendant]." *Id.* Here, however, the allegations contained in Plaintiff's state court petition make specific allegations against Prier based on conduct attributable only to him. For example, plaintiff alleges Prier was operating the vehicle at the time of the accident and Prier's failure to control the vehicle proximately caused the accident. Thus, Plaintiff has established a reasonable basis to recover against Prier and Defendants have not carried their burden of showing Prier was improperly joined.[16]

## D. Costs

Finally, the Court must address the propriety of Plaintiffs' request for "just costs" under 28 U.S.C. § 1447(c). Under 28 U.S.C. § 1447(c), a plaintiff seeking remand may be entitled to attorneys' fees and other just costs associated with an improvident removal by a defendant. However, while this statute authorizes the Court to award fees and costs upon remanding a case back to state court, it does not require such an award, and the Court has discretion to determine if the circumstances surrounding the removal were such that an award of fees and costs to the party resisting removal is warranted. *See, e.g., Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000) ("There is no automatic entitlement to an award of attorneys' fees. Indeed, the clear language of the statute makes such an award discretionary."). In exercising this discretion, the district court does not consider the

---

[16]In coming to this conclusion, the Court did not consider the affidavits attached to Defendants' opposition. The Court may "pierce the pleadings" in deciding a motion to remand and look to summary judgment type evidence "only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery." *Smallwood*, 385 F.3d at 573-74. The Court finds the allegations contained in Plaintiff's state court petition sufficient to provide a reasonable basis for recovery regardless of whether Plaintiff had custody over the vehicle. The affidavits do not "identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery." *Id.*

removing defendant's motivations for removing the case; instead, the district court need only consider whether the removing defendant had an "objectively reasonable" basis for removal. *Am. Airlines, Inc. v. Sabre, Inc.*, 694, F.3d 539, 541-42 n. 2 (5th Cir. 2012)(citations omitted).

The Court, in its discretion, finds that an award of costs and fees to plaintiff is not appropriate in this case. Although Defendants' decision to remove the case to federal court, while ultimately incorrect, was not so off base or misguided to be characterized as objectively unreasonable. As such, an award of costs and attorneys' fees is not appropriate here.

## CONCLUSION

For the above stated reasons, **IT IS ORDERED** that Plaintiff's Motion to Remand **be and hereby is GRANTED IN PART.**

**IT IS FURTHER ORDERED** that this action be and hereby is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand, to the extent it seeks an award of "just costs" under 28 U.S.C. § 1447(c), be and hereby is **DENIED.**

**New Orleans, Louisiana, this  15th  day of April, 2014.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**